Anderson *v.* O'Reilly.

---

---

JOHN ANDERSON and others *vs.* CLEMENTINE O'REILLY.

Where the defendant, when called upon, on several occasions, to pay the plaintiff's debt, put them off, stating that her husband, every night, took all the money which she had received during the day and paid it to persons from whom she had bought goods; which payment was disproved, by affidavit; *Held* that the act of the defendant, in allowing her husband to take possession of all her money, coupled with a falsehood as to the purpose for which he took it, was to be deemed done with intent to defraud her creditors; that she was therefore amenable to the charge of having "disposed of" her "property with intent to defraud" them; and that, consequently, the plaintiff was entitled to a warrant of attachment, under the provisions of section 229 of the Code.

APPEAL from an order made at a special term, denying the defendant's motion to vacate a warrant of attachment.

*By the Court,* CARDOZO, J. The appellant moved, at special term, to vacate a warrant of attachment which had been issued against her property. She made no affidavit in support of the motion, but relied upon the alleged insufficiency of the plaintiff's affidavit; and of course, therefore, the only question presented by the appeal is, whether, conceding the facts stated in the plaintiff's affidavit to be true, a case to warrant the issuing of an attachment was made out. I am clearly of opinion that it was. The

Anderson *v.* O'Reilly.

substance of the affidavit is, that when called upon, on several occasions, to pay the plaintiff, the defendant put it off, stating that her husband, every night, took all the money which she had received during the day, and paid it to persons in the city of New York from whom she had bought goods. The payment to such persons is disproved by the affidavit; so it stands conceded that the defendant has allowed her husband to take possession of all her money, and has made a false statement of the purpose to which it was appropriated. No other inference can be drawn than that such disposition of the defendant's money to her husband, coupled with a falsehood as to the purpose for which he took it, was made with intent to defraud her creditors, whom she put off upon the false pretext which she assigned. The defendant, therefore, is amenable to the charge of having "disposed of" her "property with intent to defraud" her creditors, and that being so, the plaintiff was plainly entitled to the warrant, under the provisions of the 229th section of the Code. The sole question is one of construction of the language of the affidavit, and I think the judge below interpreted it exactly right, and that his order should be

Affirmed with costs.

[NEW YORK GENERAL TERM, June 7, 1869. *Clerke, Cardozo* and *Geo. G. Barnard,* Justices.]